**FILED**

**FEBRUARY 19, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| JOHN EDWARDS,<br><br>        Plaintiff,<br><br><br>    vs.<br><br><br><br>**AVA COLGON,** Contracted Assistant to the Physician at the Dixon Correctional Center, **R.N. EDWARDS** who is a contracted Registered Nurse at Dixon Correctional Center, **R.N. YOUNG,** who is a contracted Registered Nurse at Dixon Correctional Center, **Dr. DEHIYA,** Contracted as a Physician at Dixon Correctional Center, and **WAXFORD HEALTH SOURCES,** all parties are being sued, joint and several, in their individual and their official capacities,<br><br>        Defendants. | Case No. **08 C 50024**<br><br>*Kapala*<br><br><br>JURY DEMAND<br><br><br>RECEIVED<br><br>FEB 1 3 2008<br><br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT |

### COMPLAINT

This is a Title 42 U.S.C. Section 1983 action filed by John Edwards, an Illinois state prisoner, alleging violation of his constitutional rights and seeking monetary, decaratory judgment, and compensatory and liability for punitive damages, and he seeks this Court to order injunctive relief. Plaintiff request trial by jury.

### JURISDICTION

I. This is a civil rights action under 42 U.S.C. Section 1983. This Court has jurisdiction pursuant to Title 28 U.S.C. Section 1343. Plaintiff invokes the pendent jurisdiction of this Honorable Court.

## NATURE OF COMPLAINT

II. Defendants are fully responsible for damages caused to the Plaintiff by their Negligence and Medical Malpractice, and a Deliberate Indifference, causing personal and permanent injury to Plaintiff. The Defendants have knowingly, willingly and wantonly subjected the Plaintiff to risk of serious harm by refusing to provide adequate medical care and treatment for Plaintiff's facial infection in the nostril region, high blood pressure and adequate care for his deteriorating staces ulcers that cover both the front lower legs and therapy as a result of three serious strokes.

## PARTIES

III. A. Plaintiff, John Edwards, is an individual and is now, and at all times mentioned in this complaint, an inmate of the Illinois Department of Corrections, detained in custody at Dixon Correctional Center, 2600 North Brinton Avenue, Dixon, Illinois 61021.

B. Defendant, Ava Colgon, is now, and at all times mentioned in this complaint, a contracted employee of the State of Illinois, through the Illinois Department of Corrections, as an Assistant to the Physician for Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

C. Defendant, R.N. Edwards, is now, and at all times mentioned in this complaint, a contracted employee of the State of Illinois, through the Illinois Department of Corrections, as a registered nurse for Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

D. Defendant, R.N. Young, is now, and at all times mentioned in this complaint, a contracted employee of the State of Illinois, throught the Illinois Department of Corrections, as a registered nurse for Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

E. Defendant, Dr. Dehiya, is now, and at all times mentioned in this complaint, a contracted employee of the State of Illinois, through the Illinois Department of Corrections, as a Physician for Dixon Correctional Center with an office located at; 2600 North Brinton Avenue, Dixon, Illinois 61021.

F. Defendant, Waxford Health Sources, is now, and at all times mentioned in this complaint, a corporation contracted by the State of Illinois to provide health care services for the inmates in the Illinois Department of Corrections with an office located at; 381 Mansfield Avenue, Pittsburg, Pennsylvania 15220.

## PERVIOUS LAWSUITS

**IV.** Currently there have been no other lawsuits or any other type of litigation filed in relation to this instant complaint.

## PRISONER GRIEVANCE PROCEDURE

**V.** All administrative remedies have been fully exhausted and are not favorable to Plaintiff, the administrative staff at Dixon have refused to return all grievances, nevertheless those that have been returned are attached hereto.

## STATEMENT OF CLAIM

Place of occurrence: Dixon Correctional Center

Date of Occurrence: November 26, 2007

Witnesses to the occurrence: 3 inmates and 3 staff

3.

1. Plaintiff suffers from a serious heart, high blood pressure and facial infection problem. Whereas said illnesses are progressive.

2. That on November 14, Plaintiff was transferred from Logan Correctional Center to Dixon Correctional Center as a medical transfer for the purpose of physical therapy pertaining to Plaintiff's recovery from several serious strokes.

3. Plaintiff also suffers from deteriorating staces ulcers that cover both the front of his lower legs.

4. Plaintiff arrived at Dixon Correctional Center on November 14, 2007, and was then and there, interviewed at the institutions Health Care Unit by Defendant Dehiya who advised Plaintiff that Dixon Correctional Center doesn't have or offer physical therapy.

5. Plaintiff complained about his facial infection to Defendant Dehiya and Defendant said it would clear up in a few days. Plaintiff then advised Defendant that the infection has been there since the month of June 07 and has become larger. Defendant stated that he will order some spray medicine.

6. Defendant Dehiya did not order any type of tests to find out why Plaintiff's face on the left side is infected.

7. That on November 16, 2007, Plaintiff was seen by Defendant Young pertaining to his staces ulcers and facial infection. Defendant stated that she could not do any thing because she is just a nurse.

8. That on November 16, 2007, Plaintiff was seen by Defendant Dehiya pertaining to his staces ulcers and the spray medicine that Defendant ordered for Plaintiff.

4.

9. Plaintiff advised Defendant Dehiya that the spray medicine is doing no good and that Plaintiff needs his dressing changed for his staces ulcers. Defendant, then and there, entered an order that would allow Plaintiff to possess 4 X 4 and 3 X 3 gauze so Plaintiff could change his own dressing.

10. That on November 20, 2007, Plaintiff reported to the Health Care Unit to pick up his 4 X 4 and 3 X 3 gauze, Defendant Young stated I don't know if you can have these dressing changes, I'll half to check with P.A. Colgon.

11. Defendant Colgon then told Plaintiff you can not have these dressing changes I don't care what Dr. Dehiya ordered I'm the boss around here.

12. Plaintiff then attempted to ask Defendant Colgon a question and Defendant ordered Plaintiff to leave. As a result Defendant then wrote an Inmate Disciplinary Report (IDR) in an attempt to have Plaintiff placed in segeration.

13. The IDR was heard on November 26, 2007, and same was fully expunged on December 3, 2007 (Copies attached hereto).

14. That on November 26, 2007, Plaintiff attempted to leave the cellhouse H.U. 58 to attend medication call line, but Defendant Edwards refused to allow Plaintiff access to the medication line to have his dressing changed pertaining to his staces ulcers.

15. That on December 12, 2007, Plaintiff was seen again by Defendant Young, Plaintiff complaining about his facial infection and dressing for his staces ulcers. Defendant stated that there is nothing she can do because she is just a nurse.

5.

16. That on Decmeber 12, 2007, Plaintiff was seen by Defendant Dehiya, Plaintiff complaining about his facial infection and his dressing change for his staces ulcers. Defendant ordered dressing changes but stated that the facial infection must be a result of the former strokes. Again Defendant did not order any type of test to find out what is the cause of Plaintiff's progressive facial infection.

17. Defendant Colgon has a duty by virtue of the laws of the State of Illinois to provide medical care and treatment for any committed person, and in this case, Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, refused him medical treatment and wrote Plaintiff an IDR attempting to have him placed in a unit of segeragtion because Plaintiff asked Defendant a question. Also Defendant is only a Assistant Physician and has no authority to disregard a Medical Doctor's order.

18. Defendant Dehiya has a duty by virtue of the laws of the State of Illinois to provide medical care and treatment for any committed person, and in this case, Defendant negligently, carelessly or willfully and wantonly, with total conscious disregard for the health and well being of Plaintiff, refusedhim medical treatment by not ordering any tests to be conducted to find out the cause of Plaintiff's facial infection or make any type arrangements to get physical therapy pertaining to Plaintiff's recovery from several serious strokes.

6.

19. Defendant Waxford Health Sources Inc., are fully liable as a matter of employer employee standards.

20. PLaintiff's Constitutional Rights under the Eighth Amendment have been violated collectively by all Defendant's whereas, the time from November 14, 2007, up until January 31, 2008, Defendant's have not performed an examination of PLaintiff's legs [nor] have Defendant's ordered any other type of test to ascertain the cause of Plaintiff's progressive facial infection.

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

A. Award compensatory damages in the following amount; 2.5 Million dollars against Defendant's for the emotional and physcial pain sustained as a result of no medical treatment.

B. Award punitive damages in the following amount; 2 Million dollars against Defendant's for their deliberate indifference and denial of medical treatment.

C. Enter a declartory judgment against Defendant's.

D. Enter an injunctive order aborgating Defendant's from not providing proper medical care for the PLaintiff.

E. Grant such other relief as it may appear Plaintiff is entitled to.

DATE: *January 31*, 2008

Respectfully Submitted,

Mr. John Edwards
John Edwards/Plaintiff

John Edwards
Reg.NO. B-50285
Dixon Correctional Center
2600 North Brinton Avenue
Dixon, Illinois 61021
*Phone: 815.288.5561*

IN PROPRIA PERSONA

8.



DIXON C.C.C.

2600 N. Brinton

Dixon, IL 61021

UNITED STATES DISTRICT

Office of the Clerk

FEDERAL BUILDING

211 SOUTH COURT STREET

ROCKFORD, ILLINOIS 61101

This Correspondence Is From
An Inmate Of The Illinois
Dept Of Corrections

UNITED STATES POSTAGE

$0.2

02 1A
000435059   FEB
MAILED FROM ZIP CODE 61